**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL NO.  1:05CR250-2**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **RICHIE WAYNE HELTON** | ) | |
| ————————————— | ) | |


**THIS MATTER** is before the Court on the Defendant's appeal from

the Magistrate Judge's order of detention pending sentencing.


**I.  STANDARD OF REVIEW**

Title 18 U.S.C. § 3145 provides in pertinent part that "[i]f a person is

ordered detained by a magistrate judge, . . . the person may file, with the

court having original jurisdiction over the offense, a motion for revocation

or amendment of the order." **18 U.S.C. § 3145(b).**

> When the district court acts on a motion to revoke or amend a
> magistrate judge's pretrial detention order, the district court
> acts *de novo* and must make an independent determination of
> the proper pretrial detention or conditions of release.  [T]he
> question becomes whether the evidence as a whole supports
> the conclusions of the proceedings below.  The standard of

review for pretrial detention orders under 18 U.S.C. § 3145[(b)] is one of independent review, with "deference to the determination of the district court."

Section 18 U.S.C. § 3142(e) of the Bail Reform Act, which governs release or detention pending trial, dictates that if, after holding a hearing, the court finds that no "condition or combination of conditions will reasonably assure the appearance of the person as required, and the safety of any other person and the community," such court shall order the detention of the person before trial. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: (1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required. With regard to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings.

*United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

## II. DISCUSSION

The Defendant has been indicted with and pled guilty to conspiracy to manufacture with intent to distribute at least 5 grams of methamphetamine. Because the Defendant has three prior felony

convictions for controlled substances offenses, he faces a mandatory minimum of ten years in prison. **21 U.S.C. § 841(b)(1)(B).** The Defendant has an extensive criminal history; indeed, it appears that every time he was arrested and placed on bond, he committed additional crimes while on bond. His extensive criminal history is attributed, at least in part, to a longstanding problem with substance abuse. And, while the Defendant has just recently completed a substance abuse program, his prior history of substance abuse strongly outweighs his recent, sparse period of sobriety.

The Court has considered the factors provided by the statute and has reviewed the Magistrate Judge's findings. The undersigned cannot find that the Defendant would not be a danger to the community if released pending his sentencing hearing. Indeed, all of the evidence is to the contrary. The Court, therefore, finds that no "condition or combination of conditions will reasonably assure the appearance of the person as required, and the safety of any other person and the community."

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's Order of Detention is hereby **AFFIRMED**.

4

Signed: July 17, 2006

Lacy H. Thornburg
United States District Judge