# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05 CR 250-02

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| RICHIE WAYNE HELTON, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard on July 13, 2006, pursuant to a Memorandum filed by Eric Simpson, United States Probation Officer, on June 28, 2006. In the Memorandum Officer Simpson requested that a bond review hearing be scheduled for the defendant and advised that the defendant had completed the Jail Based Inpatient Treatment Program. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, Jack Stewart, and that the Government was present through Assistant United States Attorney, Tom Ascik, and from the evidence presented, arguments of counsel and the records in this cause, the undersigned makes the following findings:

**Findings**. In an indictment filed on October 4, 2005 the defendant was charged with conspiring with other co-defendants to manufacture with intent to distribute methamphetamine, a schedule II controlled substance. It was alleged that the offense involved at least 5 grams of methamphetamine in violation of Title 21 U.S.C. § 841(a)(1) and 846. In an order entered on December 29, 2005, the undersigned ordered that the defendant be detained pending further proceedings in this matter. The order filed on December 29, 2005 is hereby incorporated by referenced as if fully set forth herein. The

defendant was called by his attorney as a witness on behalf of himself. The defendant testified that he was 30 years old and had resided his entire life near the town of Newland in Avery County, North Carolina. The defendant testified that he had completed the Jail Based Inpatient Treatment Program and that the defendant further requested that he be released into the custody of his mother and father. His mother is a housewife and his father is disabled. The defendant testified he had his own transportation and that he had been, previous to his arrest, self-employed and that it was his plan to renew his self-employment and to participate in all after care treatment programs that were available in the Avery County community.

The defendant further presented testimony through his mother, Nadine Helton. Ms. Helton testified that if the defendant was allowed to be released on terms and conditions of pretrial release that she would be happy to make sure that he complied with all of those terms and conditions.

**Discussion.** The undersigned has reconsidered the detention of the defendant and has reconsidered all factors regarding detention as set forth under 18 U.S.C. § 3142(g). After considering all factors, including the fact that the defendant has now completed the Jail Based Inpatient Treatment Program, and that the defendant has an appropriate custodian, the undersigned finds that change of circumstances is not a sufficient cause or reason to release the defendant from detention. The defendant has a substantial criminal record. Of particular concern to the undersigned is that the defendant has been convicted of three separate felonies involving the possession of schedule II controlled substances. These convictions occurred

in Mitchell and Avery counties of North Carolina.  For each one of those convictions the defendant was given a suspended sentence and was placed on supervised probation.  Despite the defendant being placed on supervised probation, the defendant has continued in criminal activity involving either the manufacture or the use of a schedule II controlled substances.

The recommendation of the United States Probation Office is that the defendant remain in custody pending disposition of his case based upon his lengthy criminal record, his history involving violence and assaultive offenses, and his substance abuse history.  The undersigned agrees with the recommendation of the United States Probation Office and as a result this court will order that the defendant continue to be detained.

The undersigned appreciates and commends the defendant for his completion of the Jail Based Inpatient Treatment Program, however, the undersigned is fearful that if the defendant was released that he would continue to commit criminal offenses, particularly those involving controlled substances.  The commission of those criminal offenses, which would in all likelihood involve the use of methamphetamine, would create a danger to any other person or the community.

**ORDER**

WHEREFORE, IT IS **ORDERED** that having reconsidered the issue of whether or not to release the defendant on terms and conditions of pretrial release, it is **ORDERED** that the defendant continue to be detained pending further orders of the court.

Signed: July 20, 2006

Dennis L. Howell
United States Magistrate Judge